KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
DEEVA SHAH - # 319937
dshah@keker.com
SPENCER MCMANUS - # 322824
smcmanus@keker.com
KEVIN SONG - # 325259
ksong@keker.com
LIAM BROWN - # 347518
liambrown@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ROBLOX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTIN BEAULIER, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-02632-CRB<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| AUSTIN BEAULIER, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-02642-JSC |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 3:26-cv-02632-CRB
6185652

Pursuant to Local Rules 3-12 and 7-11, and in the interest of judicial efficiency, Defendant Roblox Corporation ("Roblox") respectfully submits this administrative motion to request that the Court consider whether *Beaulier v. Roblox Corp.*, No. 3:26-cv-02642-JSC (the "Roblox Action") should be related to *Beaulier v. Meta Platforms, Inc.*, No. 3:26-cv-02632-CRB (the "Meta Action") and reassigned to this Court.  Plaintiff's counsel has informed Roblox that Plaintiff intends to oppose this administrative motion.  *See* Declaration of Michelle Ybarra ¶ 3.

"An action is related to another when (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).  Both requirements are satisfied here.

*First*, the Meta Action and the Roblox Action concern substantially the same parties, property, transaction, or event.  Civ. L.R. 3-12(a)(1).  Both actions arise from the same alleged course of conduct: the alleged use of Objaverse-XL-derived 3D models in the same AI training pipeline, in which 3D models were downloaded, subjected to preprocessing, and used during training-input preparation in ways that allegedly removed copyright management information.  In both cases, Plaintiff asserts causes of action under sections 1202(b)(1) (removal of CMI) and 1202(b)(3) (distribution of works knowing CMI was removed) of the Digital Millennium Copyright Act.  Furthermore, both actions are brought by the same named plaintiff (Austin Beaulier) through the same counsel (Milberg PLLC), and both assert identical putative class definitions: "All creators whose 3D models with CMI were published on Sketchfab, Thingiverse, Polycam, or other repositories and were incorporated into Objaverse-XL or derivative datasets used by Defendant to train its AI models."[1]

*Second*, adjudication of these cases by different judges would result in an "unduly burdensome duplication of labor and expense or conflicting results."  Civ. L.R. 3-12(a)(2).  The cases raise overlapping factual and legal questions, including: (1) whether the preprocessing of

---

[1] Given these facts, that the two cases involve different defendants does not weigh against relation.  *See, e.g.*, *Jewel v. National Security Agency*, No. 08-cv-4373, Related Case Order, Dkt. 9 (N.D. Cal. Oct. 28, 2008) (relating *Jewel to Hepting v. AT&T Corp.*, No. 06-cv-0672, notwithstanding different defendants).

1

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 3:26-cv-02632-CRB

6185652

3D models for AI training constitutes "intentional removal" of CMI under § 1202(b)(1); (2) whether "NoAI" HTML meta tags qualify as CMI "conveyed in connection with" works under § 1202(c); (3) whether § 1202's double scienter requirement can be satisfied absent any allegation of underlying infringement; and (4) whether internal use satisfies the "distribution" requirement under § 1202(b)(3).  If the Roblox Action remains assigned to another judge in this District, there is a risk that that court's rulings would conflict with this Court's rulings in the Meta Action.  At the very least, there would be a burdensome duplication of work for the court presiding over the Roblox Action on matters that this Court is already considering in the Meta Action.

For the foregoing reasons, Roblox respectfully requests that the Court enter an order relating the Roblox Action to the Meta Action and reassigning the Roblox Action to this Court.

Dated:  April 30, 2026                                    KEKER, VAN NEST & PETERS LLP

By:    /s/ Michelle Ybarra
        MICHELLE YBARRA
        EDWARD A. BAYLEY
        DEEVA SHAH
        SPENCER MCMANUS
        KEVIN SONG
        LIAM BROWN

        Attorneys for Defendant ROBLOX
        CORPORATION